David KERSH, Plaintiff,

v.

Julian Able COOK, Jr., et al., Defendants.

Civil Action No. 95–1479 (LFO).

United States District Court,
District of Columbia.

Jan. 14, 1997.

Memorandum Denying Reconsideration
and Denying Disqualification,
Jan. 31, 1997.

David Kersh, Southfield, MI, pro se.

Madelyn Elise Johnson, U.S. Attorney's Office, Washington, DC, for Julian Able Cook, Jr., Avern Cohn, Janice Yates, Paul Gadola, Lawrence Zatkoff, Patrick Duggan, Gilbert Merritt, United States Marshals Service, Department of Justice, Barbara Hackett, James Douglas.

Kenneth J. Diamond, Chadbourne & Parke, Washington, DC, Robert S. Hertzberg, Hertz, Schram & Saretsky, P.C., Bloomfield Hills, MI, for Huntington Banks of Michigan, Inc., Robert Hertzberg, Hertz & Schram P.C., Colin Campbell, Morris Fenkel.

Richard L. Cunningham, Attorney Grievance Michigan, Detroit, MI, for Attorney Grievance Commission.

Paul Hemmersbaugh, Sidley & Austin, Washington, DC, for Alan Meganck, Meganck & Cothorn, P.C.

Frank W. Brochert, Jeffrey Gerish, Attorney Grievance Michigan, Detroit, MI, for Oakland County Circuit Court, Lynn Allen, Oakland County Sheriff Dept., Edward Sosnick, Fred Mester, Robert Templin, Barry Howard, Macomb St. Clair Employment Training Agency.

Fred Hoops, Farmington Hills, MI, pro se.

Charles Belsome Long, Collier, Shannon, Rill & Scott, P.L.L.C., Washington, DC, for City of Southfield, City of Livonia, Southfield Police Department, Joseph Thomas.

Donald S. McGehee, Tort Defense Division, Lansing, MI, for Martin Doctoroff.

Anthony Rosati, West Bloomfield, MI, pro se.

Hamilton Phillips Fox, III, Sutherland, Asbill & Brennan, L.L.P., Washington, DC,

Donald S. McGehee, Tort Defense Division, Lansing, MI, for State of Michigan.

*MEMORANDUM*

OBERDORFER, District Judge.

Plaintiff David Kersh filed this complaint on August 7, 1995, alleging violations of his civil rights by 42 defendants, including, *inter alia*, the officers and lawyers of Huntington Bank of Michigan,[1] federal district and court of appeals' judges, court personnel, and various law enforcement officials. Plaintiff's complaint arises out of successful litigation by Huntington against Kersh to recover the outstanding balance due on a revolving demand note executed by Metro Passbook, Inc., a company owned and controlled by Kersh. A federal district court in the Eastern District of Michigan entered a partial final judgment against Kersh in the amount of $55,753.03 on June 15, 1984, and on November 13, 1984 directed Kersh to pay Huntington's attorney fees of $25,000.00.

I.

Kersh has filed innumerable other suits and appeals against Huntington and those associated with the Huntington litigation in the thirteen years since judgment entered against him. In 1986, Judge Barbara Hackett of the United States District Court for the Eastern District of Michigan noted that Kersh had "threatened to sue [Huntington] over 100 times in the next ten years." *Kersh v. United Parcel Service*, et al., 86–70105, Order Granting Liberty's Mot. for Relief, at 6, attached to Huntington's Mot. to Dismiss at Exh. A. Judge Hackett stated that "Kersh has repeatedly initiated suit against [Huntington], its employees, agents, and attorneys, and that the purpose of these suits is to harass the defendants." *Id.* The court issued an order permanently enjoining Kersh from filing "any further civil actions in *any* state or federal court against Liberty State Bank [n/k/a Huntington], its employees, officers, agents or attorneys without first obtaining leave of this Court" (emphasis added). *Id.* The court specified that before filing any such suit, Kersh was required, *inter alia*, to (i) seek leave to file the complaint; (ii) attach

that order to the complaint; and (iii) provide a sworn affidavit "that the claim being brought is a new claim never before raised by Kersh in any court." *Id.* at 7. Judge Hackett is a named defendant in this suit.

Kersh was not deterred and, in 1988 Judge Julian Cook of the Eastern District of Michigan issued a second injunction against him, noting that Kersh had initiated at least 20 cases in the Eastern District since 1977 and 107 cases in the Oakland County (Michigan) Circuit Court. *Kersh v. Borden Chemical*, 689 F.Supp. 1442, 1446 (E.D.Mich.1988). An appendix to the opinion lists the name of every case. The court issued a permanent injunction against Kersh that required him to obtain leave before filing "any new actions in any court whatsoever (state or federal) against any state or federal judge, officer or employee, or court employee, for actions taken in the course of their official duties as a judge, officer, employee, or court employee." *Id.* at 1453. Judge Cook is also a named defendant in this litigation.

In *Huntington v. Metro Passbook*, 43 F.3d 1472 (6th Cir.1995), Huntington Mot. to Dismiss at Exh. 2, the Sixth Circuit entered a third permanent injunction against Kersh. The court of appeals enjoined Kersh:

from filing any further pleadings or appeals arising out of the subject matter of *Huntington Banks of Michigan, as successor to Liberty State Bank & Trust v. David Kersh*, District Court Case No. 82–74881 (E.D.Michigan), without first obtaining leave of the court in which he seeks to file the pleading or appeal. In order to obtain leave of the court, Kersh shall certify that the claim or claims he wishes to present are new claims never before raised or disposed of by any federal court. He shall certify that his action is taken in good faith and that the claims raised are not frivolous or malicious.... Pleadings considered malicious, frivolous or brought in bad faith may be grounds for civil contempt proceedings.

Judge Gilbert Merritt, the Chief Judge of the Sixth Circuit Court of Appeals, is also a named defendant in this litigation.

---

1. Huntington is also known as Liberty State Bank. Huntington Mot. to Dismiss at 2.

266

## II.

Fed.R.Civ.P. 41(b) states:

For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Defendants Huntington Banks of Michigan, Robert S. Hertzberg, Hertz & Schram, P.C., Colin Campbell, and Morris Fenkel filed a motion to dismiss on the ground that Kersh has filed this complaint in violation of the injunctions entered by the United States District Court for the Eastern District of Michigan and the United States Court of Appeals for the Sixth Circuit. Defendants are correct. Kersh filed his complaint on August 7, 1995, in direct violation of the two permanent injunctions entered against him because he failed to comply with any of the procedures established by those injunctions.

Kersh responded to Huntington's Motion to Dismiss on May 24, 1996, by denying that he had violated any injunction by filing this case because "no legal injunctive order exists which has been entered by a judge with personal jurisdiction over Kersh or with subject matter jurisdiction over the issues arising out of the loan provided by Kersh to Liberty in 1981." *Id.* at 7. Kersh alleges that the injunctions are not valid because: (i) the courts that issued them did not have jurisdiction to do so; (ii) the judges that issued them were bribed by the defendants; and (iii) the judges and the defendants were engaged in a grand conspiracy to violate Kersh's civil rights. *See, e.g., id.* at 14 ("The litigation will end when either Kersh finds an honest judge or Hertzberg runs out of corrupt ones."). Kersh thus asks this court to review the conduct of the various courts that have found against him to determine if those courts acted contrary to law.

■ This court has no jurisdiction to hear appeals from judgments issued by other state or federal courts. Thus, even if Kersh is correct that the various injunctions against him were entered illegally, this court has no jurisdiction to consider that complaint. This complaint, therefore, must be dismissed against all defendants for lack of jurisdiction. *See e.g., Kersh v. Entertainment Publications Inc.,* 92–635 (dismissing case against all defendants for violation of injunction entered against Kersh), attached as Exh. E to South. Mot. for Sanctions.

## III.

■ Several defendants moved for fees or other sanctions in this case. The fact that Kersh violated three permanent injunctions by filing this complaint is strong evidence that sanctions should be imposed. However, Kersh's conduct is much more an offense against the courts that have enjoined him than against this court. It is sufficient here to dismiss his complaint, and to sanction him by bringing his offense to the attention of the courts that he has offended so that they may impose such additional sanctions as they may decide upon. Accordingly, an accompanying order directs the Clerk of this Court to forward copies of this memorandum and accompanying order to the Clerks of the United States District Court for the Eastern District of Michigan and the Sixth Circuit Court of Appeals so that those courts may determine whether additional sanctions are warranted. *See, e.g., Huntington Banks of Michigan v. Metro Passbook,* 43 F.3d 1472 (6th Cir.1994) (sanctioning Kersh fees and double costs); *Kersh v. American Heart of Michigan,* 928 F.2d 1133 (6th Cir.1991) (same); *Kersh v. Shy,* 883 F.2d 75 (6th Cir.1989) (same).

### *MEMORANDUM*

A January 14, 1997 Memorandum and Order dismissed with prejudice a complaint filed by David Kersh alleging violations of his civil rights by 42 defendants. The Memorandum concluded that Kersh filed this suit in violation of at least three permanent injunctions that barred him from doing so. On January 29, 1997, plaintiff filed a motion for reconsideration and for disqualification of

this court. Plaintiff's motions must be denied because any motion to alter or amend a judgment must be filed within 10 days after entry of the judgment. Fed.R.Civ.P. 59(e). Plaintiffs motions were filed 15 days after entry of judgment and thus must be dismissed as untimely.

■ Alternatively, plaintiff's motion for reconsideration must be denied on the merits because reconsideration is inappropriate where, as here, a party is simply attempting to reargue factual or legal assertions complained of in the original pleadings.

Plaintiff's motion for disqualification must also be denied on the merits. This motion rests solely on the ground that "an examination of the Merritt injunction states that if there is a finding of no jurisdiction there is no dismissal of plaintiff's complaint with prejudice." ¶ 17. Plaintiff states that the "only conclusion" that can be drawn from the fact that this court found no jurisdiction and dismissed the complaint with prejudice is that "this court made illegal contact with certain of the defendants or the U.S. Attorney's office and orchestrated the dismissal of this case in violation of the plaintiff's civil rights." *Id.*

■ This argument merits little attention. The injunction issued by Judge Merritt does *not* state that "if there is a finding of no jurisdiction [then] there is no dismissal plaintiff's complaint with prejudice." ¶ 17. In fact, it says the opposite: "Failure to comply strictly with the terms of this injunction will be grounds for summarily denying leave to file." Huntington Mot. to Dismiss, Exh. 2.; *see also, Huntington Banks of Michigan v. Metro Passbook, Inc.,* 43 F.3d 1472 (6th Cir. 1994) (noting form of proposed injunction). Plaintiff's motion for disqualification, therefore, is predicated upon an affirmative misrepresentation that may be cause for additional sanctions to be imposed against him.

Accordingly, an accompanying order directs the Clerk of this Court to forward copies of this memorandum and accompanying order to the Clerks of the United States District Court for the Eastern District of Michigan and the Sixth Circuit Court of Appeals so that those courts may determine whether additional sanctions are warranted.

Date: January 31, 1997.